IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY KAY SAILORS,

          Plaintiff,

     v.

CAROLYN W. COLVIN,
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

         Defendant.

_____

Civ. No. 3:13-cv-01095-MC

OPINION AND ORDER

MCSHANE, Judge:

     Plaintiff Sherry Kay Sailors brings this action for judicial review of the Commissioner's decision denying plaintiff's application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

     Plaintiff seeks benefits as of April 26, 2011 from disability resulting from figromyalgia, back pain, and irritable bowel syndrome. The administrative law judge (ALJ) determined plaintiff is not disabled. TR 30.[1] Plaintiff argues that the ALJ erred by failing to give the opinions of Doctor Tihanyi and Family Nurse Practitioner Harlan appropriate weight, failing to

---

[1] "TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

1 – OPINION AND ORDER

credit the lay evidence, and in finding plaintiff not credible. Plaintiff moves to remand this action for a determination of benefits. The Commissioner agrees the ALJ erred in failing to consider plaintiff's cervical spinal condition, but argues remand for further proceedings is appropriate as most of the ALJ's findings were supported by the record and free of legal error. Because the ALJ failed to give the medical opinions of plaintiff's treating physician and family nurse practitioner controlling weight, the ALJ's decision is REVERSED. Because the medical opinions, when credited as true, would require the ALJ to conclude plaintiff is in fact disabled under the Act, this matter is REMANDED for a determination of benefits.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R.

§ 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

At step two, the ALJ found that plaintiff's fibromyalgia and degenerative disc disease qualify as severe impairments. TR 21. The ALJ found that plaintiff's irritable bowel syndrome and depression were non-severe impairments. TR 21-22.

At step three, the ALJ determined that none of the plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1. TR 23. The ALJ found that plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), TR 23-29, and that plaintiff could perform her past relevant work as a receptionist, TR 29. Therefore, the ALJ concluded that plaintiff was not disabled as defined by the Social Security Act.

As noted, plaintiff argues the ALJ erred in not giving the opinions of Dr. Tihanyi and Nurse Harlan the appropriate weight. Specifically, plaintiff argues the ALJ erred in not giving the opinions expressed in questionnaires provided by plaintiff's attorney controlling weight.

In June 2012, Nurse Harlan filled out the questionnaire. TR 661-665. Nurse Harlan stated plaintiff could stand and/or walk up to thirty minutes at a time, for at least two hours total per eight-hour workday. TR 662. Nurse Harlan opined plaintiff could sit for about two hours per workday, TR 662, and could not maintain employment due to varying levels of severe pain and lack of stamina, TR 663. Nurse Harlan noted her belief that plaintiff was credible and, in Nurse Harlan's opinion, last able to maintain employment in April 2011, when plaintiff last worked. TR 665.

Dr. Tihanyi agreed with all of Nurse Harlan's opinions and added:

Patient has been a hard worker all her life and I do not feel she is exaggerating her symptoms or limitations.

If patient could work on a part-time basis only on days she feels better she may be able to manage this, but her symptoms are too variable and severe to work at a predictable schedule.

TR 668.

Nurse Harlan and Dr. Tihanyi both treated plaintiff. Dr. Tihanyi's treated plaintiff going back at least ten years. In 2001, suspecting plaintiff suffered from fibromyalgia, Dr. Tihanyi referred plaintiff to Dr. Barkhuizen, a reheumatologist at Oregon Health Science University. TR 424.[2] Dr. Barkhuizen noted plaintiff had full range of motion of joints and spine and had 18 of 18 fibromyalgia tender points. TR 425. Dr. Barkhuizen noted plaintiff "has classic fibromyalgia . . . [and] preexisting irritable bowel syndrome which also sets up the stage for chronic pain." TR 425. Dr. Barkhuizen did not mention any specific functional limitations.

Despite her ailments, plaintiff continued working for nearly 10 years. Dr. Tihanyi and Nurse Harlan both treated plaintiff near the time she quit her last job, in April 2011. Both had a longstanding history treating plaintiff.

Whether Nurse Harlan is an "acceptable medical source" or an "other source" is of no consequence here. Even assuming Nurse Harlan is an "other source," Dr. Tihanyi expressly adopted Nurse Harlan's opinions. TR 668. Dr. Tihanyi's opinion as a treating physician is generally entitled to greater weight than that of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Here, the ALJ provided no specific and legitimate reasons to give Dr. Tihanyi's opinion little weight and there are no contradicting medical opinions, treating or otherwise.

---

[2] As "[r]eheumatology is the relevant specialty for fibromyalgia[,]" the opinion of a rheumatologist on fibromyalgia is given great weight. *Benecke v. Barnhart*, 379 F.3d 587, n.4 (9th Cir. 2004).

In *Benecke v. Barnhart*, 379 F.3d 587, 589-90 (9th Cir. 2004), the Ninth Circuit described the less-than clearly understood condition known as fibromyalgia:

> Benecke suffers from fibromyalgia, previously called fibrositis, a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue. Common symptoms, all of which Benecke experiences, include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with this disease. Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis.

As noted, Dr. Barkhuizen, a rheumatologist, concluded plaintiff has "classic fibromyalgia" with 18 of 18 trigger points. TR 425. The ALJ appears to have concluded that because plaintiff sometimes presented while not in acute distress, plaintiff did not suffer greatly from fibromyalgia, and Dr. Tihanyi's opinions were not supported by the "objective medical evidence." But Dr. Tihanyi's opinion is nowhere contradicted. The ALJ noted a few occasions where plaintiff had "fairly good range of motion" in concluding Dr. Tihanyi's opinion was inconsistent with her own treatment notes. This is an inaccurate reading of the record. Nurse Harlan's opinion, adopted by Dr. Tihanyi, noted plaintiff has good days and bad days. TR 662. Nurse Harlan specifically noted plaintiff's rest requirements vary on a day-to-day basis. TR 662.

That one suffering from fibromyalgia experiences varying degrees of pain is not unusual. Indeed, fibromyalgia involves a "cycle of pain and fatigue," exacerbated by numerous causes such as stress or lack of sleep. *Benecke*, 379 F.3d at 589-90. Additionally, Dr. Tihanyi expressly commented on this aspect of plaintiff's condition: "If patient could work on a part-time basis only on days she feels better she may be able to manage this, but her symptoms are too variable and severe to work at a predictable schedule." TR 668. As it is clear plaintiff's limitations varied

on a day-to-day basis, the ALJ's reliance on plaintiff's "good days" in finding her not disabled was error. Plaintiff had plenty of "bad days" as well.

Similarly, any reliance by the ALJ on days where plaintiff presented to Dr. Humphrey in no acute distress was in error. Dr. Humphreys treated plaintiff near her alleged onset date. Like with her other treatment providers, plaintiff presented in various stages of distress. Nowhere does plaintiff allege she is incapacitated all day, every day.

The ALJ cited no medical evidence contradicting Dr. Tihanyi's opinion. However, even assuming Dr. Thihanyi's opinion is in fact contradicted, the ALJ did not provide specific and legitimate reasons for assigning Dr. Tihanyi's treating opinion little weight. Therefore, the ALJ erred in not giving Dr. Tihanyi's opinion the weight it deserved.

The ALJ also erred in concluding Nurse Harlan provided advocacy on plaintiff's behalf rather than objective reporting. TR 27. There is no evidence Nurse Harlan acted as plaintiff's advocate. In fact, the evidence demonstrates Nurse Harlan provided objective reporting, even when such reporting went against plaintiff's claim for disability. It was Nurse Harlan who provided the ALJ with the strongest evidence to find plaintiff less-than credible.

In a note from a January 27, 2010 appointment, Nurse Harlan reported that plaintiff complained of stress from work. TR 391. Nurse Harlan noted that plaintiff "considered quitting her job, but she needs to work to save money to attend her son's wedding in Hawaii later this year." TR 391. As expected, the ALJ relied on this statement in finding plaintiff not credible, concluding plaintiff quit work due to conflicts with coworkers rather than her disability. TR 25. A disability advocate ordinarily does not provide fodder for an ALJ to deny a claim.[3] There is no evidence here of any impropriety on the part of Nurse Harlan, and "[t]he Secretary may not

---

[3] As discussed below, the ALJ's improper weighing of the medical evidence mandates a finding that plaintiff is disabled. Therefore, it is unnecessary to discuss whether the ALJ erred in finding plaintiff less-than credible, or in disregarding the lay witness testimony.

assume that doctors routinely lie in order to help their patients collect disability benefits." *Ratto v. Sec'y, Dep't of Health and Human Serv.*, 839 F.Supp. 1415 (D. Or. 1993).

As the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. The Ninth Circuit recently clarified the "credit-as-true rule." *See Garrison v. Colvin*, 759 F.3d 995, 1019-23 (9th Cir. 2014). When additional proceedings can remedy any errors by the ALJ, the case should be remanded. *Id.* at 1019. However, remand for calculation of benefits is appropriate when:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020. All three requirements are met in this instance. The record is fully developed. The ALJ improperly rejected the medical opinions of Nurse Harlan and Dr. Thiyani. That medical evidence includes the following limitations: plaintiff can stand and/or walk for 30 minutes at one time, at least two hours per work day; plaintiff can sit up to two hour per work day; plaintiff can occasionally lift ten pounds; plaintiff is unable to maintain consistent concentration, persistence and pace for two hour segments in a work day; plaintiff is limited in reaching overhead and working at a bench, manual functioning, and neck rotation; and pain and lack of stamina prohibits plaintiff from performing simple, repetitive, routine tasks eight hours a day, five days a week. TR 661-65,668. Additionally, all of the evidence indicates that while plaintiff may be able to work a full day or two here or there, the variable nature of her symptoms renders plaintiff unable to maintain full-time work on a predictable schedule. TR 668.

This is the unusual instance "where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Even though a vocational expert did not testify in this matter, remand for an award of benefits is appropriate because the

improperly rejected medical opinion evidence clearly establishes that plaintiff is unable to maintain any full-time work. *Benecke*, 379 F.3d at 595. Plaintiff has been disabled as of her last day of work, in April 2011. TR 665, 668.

## CONCLUSION

The Commissioner's decision is REVERSED. This matter is REMANDED for a calculation of benefits.

IT IS SO ORDERED.


DATED this 7th day of November, 2014.


_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge